[No. A051686. First Dist., Div. Three. Dec. 30, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DARREN EDWARD BREW, Defendant and Appellant.

## COUNSEL

Christopher Brancart, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Sharon G. Birenbaum and Donna B. Chew, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MERRILL, J.—Appellant Darren Edward Brew was convicted by a jury of two counts of robbery (Pen. Code, § 211[1]) and one count of grand theft by larceny (§ 487, subd. 1). Additionally, in a bifurcated proceeding, the trial court found true allegations that appellant had suffered a prior felony conviction within the meaning of section 667, subdivision (a), and a prior prison term within the meaning of section 667.5, subdivision (b). Appellant appeals from the judgment of conviction.

I

On the evening of July 26, 1990, Cherie Geiman was working as a cashier at the Thrifty Drug Store (Thrifty) in Millbrae. She saw appellant enter the store. She recognized him because he had been in the store a few days earlier and had introduced himself as a former employee. Geiman alerted the store's assistant manager, Gary Shaw, to appellant's presence and Shaw decided to keep an eye on him.

Nayna Patel was also working as a cashier at Thrifty's that evening. Appellant approached Patel ostensibly for the purpose of buying a tape. He

---

[1] All statutory references are to the Penal Code unless otherwise specified.

was standing "real close" to her, approximately two and one-half to three feet away. There was no counter or other barrier between them. Patel took some money from appellant and opened the cash register drawer. As she was placing the money into the drawer, appellant "came inside" the register area. Scared, Patel moved away from the register. Appellant then lifted the register drawer and confiscated money, checks and credit card charge slips from underneath the drawer. In the process of doing this, he said nothing to Patel. Nor did he touch her.

Shaw had noticed appellant at Patel's checkout stand. When he heard money "jingling around," he ran towards Patel's register and confronted appellant who was standing in front of the open drawer. Shaw was present when appellant reached for the money underneath the drawer. Shaw grabbed appellant's arm at this point and tried to stop him whereupon appellant turned around and Shaw felt a "force up against [the] right side of [his] face." Shaw fell to the ground and grabbed appellant's leg. In spite of this, appellant was able to break loose from Shaw's grasp and run out of the store. Shaw yelled for him to "stop" and chased after him but was unable to catch him.

The robbery was reported to the police who arrived on the scene. Shaw and Patel described appellant to the officers. Since appellant was a former employee of the store, Shaw was able to obtain his name from the store manager and report this information as well. Shaw determined that a total of $1,004 had been taken from Patel's register.

Later that evening, Shaw and Geiman were shown a photographic lineup by police. Both identified appellant's photograph as that of the robber. The next morning, Patel also identified appellant's photograph as that of the assailant.

## II

Appellant contends that his conviction for robbery as against Patel, count two of the information, must be reversed because there is insufficient evidence that the offense was committed by use of force or fear. We disagree.

Section 211 defines robbery as the felonious taking of personal property in the possession of another from his or her person or immediate presence and against his or her will accomplished by means of force or fear. Section 212 defines the element of fear as including the fear of an unlawful injury to the person robbed or the fear of an immediate and unlawful injury to the person

or property of anyone in the company of the person robbed at the time of the robbery. In instructing the jury relative to the "force or fear" element, the trial court explained that before finding appellant guilty of robbery, it had to find that the taking was accomplished by the use of "force, violence, fear or intimidation." (See CALJIC No. 9.40 (5th ed. 1988 bound vol.).)

We find more than ample evidence to support the jury's implied finding that the offense *was* accomplished in such a manner. According to the evidence, appellant, who is considerably larger in size than Patel, approached Patel's register. Taking full advantage of the absence of a counter or any other barrier between himself and the cashier, he stood "real close" to her, approximately two and one-half to three feet away. Patel noticed his proximity. She further noticed alcohol on his breath. Appellant proceeded to make a bogus purchase causing Patel to open the cash register drawer. As Patel started to put appellant's money in the drawer, appellant, without saying anything, interjected himself physically between Patel and the cash register drawer causing the cashier to step back in fear. Patel confirmed at trial that she stepped back from the register at this point because she was "scared."

Certainly, these facts are sufficient to support a finding that the offense committed against Patel was accomplished through fear or intimidation.

Appellant argues that there is no evidence that he either assaulted Patel or verbally threatened her, or that he used a weapon. Such factors, however, are not requisites for a finding of robbery. " 'Where intimidation is relied upon, it [can] be established by proof of conduct, words, or circumstances reasonably calculated to produce fear. . . .' " (*People* v. *Borra* (1932) 123 Cal.App. 482, 484 [11 P.2d 403]; see also 2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Crimes Against Property, § 644, pp. 725-726.) As already demonstrated, the circumstances surrounding the events in this case support a finding that the offense against Patel was accomplished by fear and intimidation.

## III

Appellant next claims error in the failure of the trial court to instruct the jury sua sponte on grand theft by larceny (§ 487, subd. 1) as a lesser included offense of robbery charged in counts one and two. Count one of the information alleged robbery as against Shaw while count two alleged robbery as against Patel. Having reviewed the evidence, we find appellant's argument unpersuasive with regards to count one but meritorious with respect to count two.

■ As stated by our Supreme Court, "Theft is a lesser and necessarily included offense in robbery; robbery has the additional element of a taking by force or fear. [Citations.] ■ It is well settled that the trial court is obligated to instruct on necessarily included offenses—even without a request—when the evidence raises a question as to whether all of the elements of the charged offense are present and there is evidence that would justify a conviction of such a lesser offense. [Citations.]" (*People* v. *Ramkeesoon* (1985) 39 Cal.3d 346, 351 [216 Cal.Rptr. 455, 702 P.2d 613].)

■ As regards count one of the information, the evidence supports a finding of only one theft-related offense and that is robbery. If a crime was committed against Shaw, force was used in its perpetration. The evidence establishes that as Shaw confronted appellant at the checkout stand, he felt a force against the right side of his face causing him to fall on the ground. He then grabbed at appellant's leg, but appellant was able to extricate himself from Shaw in order to flee. Since the evidence, if believed, supports a finding of robbery only, it was not error for the court to fail to instruct the jury on grand theft by larceny in relation to this count. Factually, it was an all-or-nothing situation. Appellant was either guilty of robbery or he was innocent of any crime. There was no basis upon which the jury could conclude that a crime took place but no force was used.

■ Count two is another matter. As was demonstrated previously, there is sufficient evidence to sustain a finding that appellant's offense as against Patel was committed through use of fear or intimidation. However, arguably, the evidence would support a finding that the offense was committed without these elements being present. In his defense at trial, appellant argued strongly against a finding of fear or force. In the case of Patel, defense counsel told the jury: "She communicated to you that she was scared. But is it the type of force or fear required that the People have to prove beyond a reasonable doubt, a 211, or is it the shock of somebody reaching and making an unexpected movement toward the cash register drawer?" It is this question which was imperative for the jury to determine on count two. An instruction on grand theft by larceny would have insured that the jury confronted it head-on.

"An error in failing to instruct on lesser included offenses requires reversal unless it can be determined that the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions. [Citation.] Such error cannot be cured by weighing the evidence and finding it not reasonably probable that a correctly instructed jury would have convicted the defendant of the lesser included offense. [Citation.]" (*People* v. *Ramkeesoon, supra*, 39 Cal.3d at pp. 351-352.)

Since the jury in the instant case was deprived of the opportunity to consider the option of grand theft by larceny, it cannot be said that a verdict finding appellant guilty of robbery necessarily resolved the issue posed by the lesser offense instruction adversely to appellant. (See *People* v. *Ramkeesoon, supra,* 39 Cal.3d at p. 352; and *People* v. *Morales* (1975) 49 Cal.App.3d 134, 141, fn. 4 [122 Cal.Rptr. 157].)

■ The People argue that any error in this respect was harmless since the jury received a written instruction on the offense of grand theft by larceny (§ 487, subd. 1) during its deliberations and was verbally instructed prior to deliberations on the offense of grand theft from the person (§ 487, subd. 2) as a lesser included offense of the robbery charged in count two. The record reflects, and the People acknowledge, that in its oral instructions the trial court mistakenly instructed the jury that appellant was charged in count three with grand theft from the person (§ 487, subd. 2), rather than grand theft by larceny (§ 487, subd. 1). Then, during deliberations and in response to a note from the jury seeking clarification as to the amount of money taken and elements of robbery and grand theft, a batch of written instructions was sent into the jury room, which included one on grand theft by larceny. However, as to the written instruction on grand theft by larceny, the jury was never told that it could be considered in terms of a lesser included offense of the robbery charged in count two. As for the verbal instruction on grand theft from the person given to the jury prior to deliberations, the elements of that offense are entirely different from those of grand theft by larceny. In order to convict appellant of grand theft from the person, it would have been necessary for the jury to find that the money taken was either on the body of Patel or in her clothing or in a receptacle being carried by her at the time. (See CALJIC No. 14.23 (5th ed. 1988 bound vol.).) In order to convict appellant of grand theft by larceny, on the other hand, it would have only been necessary for the jury to determine that it could not convict appellant of robbery because of a lack of sufficient evidence that the theft was perpetrated by use of force or fear. Therefore, the conviction for robbery as against Patel must be reversed due to the failure of the trial court to instruct the jury on grand theft by larceny as a lesser included offense.

IV

■ Appellant next argues that his conviction on count three must be reversed because the offense described therein—i.e., grand theft by larceny as against Shaw and Thrifty, is a lesser necessarily included offense to the robbery charged in count one. The People have conceded this argument. We find it meritorious as well. (See *People* v. *Cole* (1982) 31 Cal.3d 568, 582 [183 Cal.Rptr. 350, 645 P.2d 1182].)

## V

The judgment of conviction for robbery (§ 211) on count two is reversed. The cause is remanded for a new trial on count two. The judgment of conviction for grand theft by larceny (§ 487, subd. 1) on count three is vacated. The judgment of conviction for robbery (§ 211) on count one is affirmed.

White, P. J., and Chin, J., concurred.