[No. B123817. Second Dist., Div. Five. Jan. 19, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER FLYNN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts IV., V., and VII.

## Counsel

Linda Starr, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Lance E. Winters and Ronald A. Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### O'NEILL, J.*—

## I. INTRODUCTION

Defendant, Christopher Flynn, was sentenced to state prison following his conviction of robbery. He now argues insufficiency of evidence, improper exclusion of the victim's prior misdemeanor conduct, and erroneous denial of a motion for new trial. The People oppose these contentions and note the absence of a mandatory parole revocation fine. We modify the judgment and affirm. In the published portion of our opinion, we uphold a robbery conviction on the theory that the perpetrator used fear to accomplish retention of the property after it was taken.

## II. PROCEDURAL HISTORY

A jury trial on charges of robbery (Pen. Code, § 211) and battery on a police officer (Pen. Code, § 243, subd. (b)) resulted in conviction of the robbery. The jury hung on the other charge, which was eventually dismissed. The People charged a number of prior felony convictions, but proceeded only on two: (1) assault with a firearm (Pen. Code, § 245, subd. (a)(2)) as a "strike," serious felony, and prior prison term; and (2) possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) as a prior prison term. The trial court found both priors true, and used them to double defendant's base term, then increase it by six years, resulting in a 16-year sentence.

## III. FACTUAL SUMMARY

Viewed in a light most favorable to the judgment (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [99 S.Ct. 2781, 2789, 61 L.Ed.2d 560]; *People v. Marshall* (1997) 15 Cal.4th 1, 34 [931 P.2d 262, 61 Cal.Rptr.2d 84]), the evidence can be briefly stated as follows.

Defendant was a member of the "74 Hoover" gang. On October 3, 1997, about 6:00 p.m., he was standing in the area of 74th and Hoover Streets in Los Angeles with five other men, all but one of whom appeared to the victim to be gang members.

The female victim is five feet four inches tall and is smaller than the defendant. The date of this incident was her 36th birthday. She lived at 75th

*Judge of the Ventura Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

and Hoover Streets. As she walked past the group of men, defendant grabbed a bag that hung on her left shoulder, causing her shoulder to be pulled backward. The victim was angry, shocked and afraid of being jumped. She "kept reaching for [the bag], and [the defendant] just kept pulling [it] back." After defendant took the bag, he removed a gun and $5 bill and showed them to his companions. The victim took a good look at defendant's face so that she would remember it. The defendant screamed at the victim to get away from his car as she backed away from him. She ran home, and waited 10 days to report the incident.

Within days of the crime, the victim saw defendant's car drive slowly down her street on a number of occasions. After defendant's arrest, the wife of defendant's friend returned the gun to the victim, and had her talk to the defendant on the telephone on two occasions. The defendant apologized and asked her to drop the charges. He also asked her to talk to his parole agent. Several people came to the victim's home on different occasions. The victim was asked what she was going to do about the case. She was told she better have her gun with her when she leaves home, and one of the visitors threatened to burn her house down.

### IV., V.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## VI. DISCUSSION

The jury convicted defendant of robbery, despite being instructed on their option to convict of grand theft from the person as a lesser included offense. The robbery instruction (CALJIC No. 9.40, as modified) presented a prosecution theory of force or fear *after* the initial taking of the property.[1] In argument, the prosecutor conceded insufficient force or fear at the time of the taking, urging the jury to find a robbery based on defendant's use of fear to prevent the victim from reclaiming her property. Defendant now argues he used no more force than necessary to take the victim's bag, and that the fear expressed by the victim was not created by the defendant to facilitate the

---

*See footnote, *ante,* page 766.

[1]The instruction given read, in part: " 'Immediate presence' means an area within the alleged victim's reach, observation or control, so that he or she could, if not overcome by violence or prevented by fear, retain or regain possession of the subject property. [¶] . . . [¶] In order to prove this crime, each of the following elements must be proved: [¶] 1. A person had possession of property of some value however slight; [¶] 2. The property was taken from that person or from her immediate presence, regardless of the means by which defendant originally acquired the property; [¶] 3. [T]he defendant uses [*sic*] force or fear in resisting attempts by the victim to regain the property OR [¶] 4. [T]he defendant uses [*sic*] force or fear in attempting to remove the property from the owner's immediate presence . . . ."

robbery. ■ Our task is to "review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence . . . from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." (*People v. Jennings* (1991) 53 Cal.3d 334, 364 [279 Cal.Rptr. 780, 807 P.2d 1009].)

■ Whether the manner by which the bag was snatched from the victim's shoulder constituted sufficient *force* for a robbery is an arguable point. (*People v. Wright* (1996) 52 Cal.App.4th 203, 210 [59 Cal.Rptr.2d 316]; but see *People v. Lescallett* (1981) 123 Cal.App.3d 487, 490-492 [176 Cal.Rptr. 687].) However, we decline to reach this issue because the People did not argue such a theory at trial, and the jury was not instructed on it. Since the defendant used no other force, we turn to the prosecution theory that the crime was accomplished by *fear* which arose after the initial taking.

■ "Robbery is the . . . taking of . . . property . . . accomplished by means of force or fear." (Pen. Code, § 211.) Accordingly, "to support a robbery conviction, the taking, either the gaining possession or the carrying away, must be accomplished by force or fear." (*People v. Cooper* (1991) 53 Cal.3d 1158, 1165, fn. 8 [282 Cal.Rptr. 450, 811 P.2d 742].) "Gaining possession or . . . carrying away" includes forcing or frightening a victim into leaving the scene, as well as simply deterring a victim from preventing the theft or attempting to immediately reclaim the property. (*People v. Prieto* (1993) 15 Cal.App.4th 210, 211-216 [18 Cal.Rptr.2d 761] [victim too "fearful and shocked" to intervene in nearby struggle between perpetrator and second victim over purses belonging to both victims]; *People v. Dominguez* (1992) 11 Cal.App.4th 1342, 1346-1349 [15 Cal.Rptr.2d 46] [victim ordered out of his residence at gunpoint before property was carried off]; *People v. Hays* (1983) 147 Cal.App.3d 534, 541-542 [195 Cal.Rptr. 252] [fearful victim fled before taking of property].)

Most robberies involve actual or threatened force, resulting in fear on the part of the victim, at the time the property is taken. (*People v. Wright, supra*, 52 Cal.App.4th at pp. 209-210.) However, the requisite fear need not be the result of an express threat. (See *People v. Garcia* (1996) 45 Cal.App.4th 1242, 1246 [53 Cal.Rptr.2d 256] ["rather polite . . . 'tap' " of cashier sufficient where it caused cashier to fear defendant might be armed]; *People v. Davison* (1995) 32 Cal.App.4th 206, 214 [38 Cal.Rptr.2d 438] [victim is confronted by two men at an automatic teller machine, and ordered to "stand back"]; *People v. Brew* (1991) 2 Cal.App.4th 99, 104 [2 Cal.Rptr.2d 851] [relative size of defendant and victim a factor]; *In re Anthony H.* (1982) 138 Cal.App.3d 159, 166 [187 Cal.Rptr. 820] [after following victim in car, suspect says, "I don't want to harm you, but I want your purse"].) Further,

the requisite force or fear need not occur at the time of the initial taking. The use of force or fear to escape or otherwise retain even temporary possession of the property constitutes robbery. (*People v. Torres* (1996) 43 Cal.App.4th 1073, 1077-1079 [51 Cal.Rptr.2d 77] [use of force by car burglar after he had possession of the victim's stereo sufficient even though perpetrator subsequently abandoned the stereo and fled]; *People v. Pham* (1993) 15 Cal.App.4th 61, 65-68 [18 Cal.Rptr.2d 636] [where thief used force against victims as thief carried property away, robbery occurred even though victims subdued thief and no further asportation occurred]; *People v. Estes* (1983) 147 Cal.App.3d 23, 27-28 [194 Cal.Rptr. 909] [force used against store security guard who tried to prevent escape of shoplifter].)

A theft or robbery remains in progress until the perpetrator has reached a place of temporary safety. (*People v. Carroll* (1970) 1 Cal.3d 581, 585 [83 Cal.Rptr. 176, 463 P.2d 400].) The scene of the crime is not such a location, at least as long as the victim remains at hand. (*People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1375 [46 Cal.Rptr.2d 530] ["Phrased otherwise, the robbery is not 'over' until the victim has reached a place of temporary safety"]; see also *People v. Haynes* (1998) 61 Cal.App.4th 1282, 1292 [72 Cal.Rptr.2d 143].) When the perpetrator and victim remain in close proximity, a reasonable assumption is that, if not prevented from doing so, the victim will attempt to reclaim his or her property. (*People v. Webster* (1991) 54 Cal.3d 411, 442 [285 Cal.Rptr. 31, 814 P.2d 1273] [assuming that murder victim had willingly given car key to defendant, jury could infer from later violence that defendant used force to prevent victim from retrieving the key].)

■ It follows from these principles, and we hold, that the willful use of fear to retain property immediately after it has been taken from the owner constitutes robbery. So long as the perpetrator uses the victim's fear to accomplish the retention of the property, it makes no difference whether the fear is generated by the perpetrator's specific words or actions designed to frighten, or by the circumstances surrounding the taking itself.

The facts of the present case substantially support this theory of robbery. Although defendant did nothing designed to instill fear prior to the taking, he chose the moment and location of the crime knowing the likely effect on the lone, female victim. He also chose to remain at the scene. Defendant is taller and bigger than the victim. Although in her own neighborhood, the victim was outnumbered six to one by a group of male gang members located in their own territory. Defendant's brazen behavior once he was armed with the stolen gun revealed his confidence in the powerlessness of the victim. After defendant yelled at the victim to stay away from his car, she ran from the

scene and was afraid to report the crime until her mother convinced her to do so 10 days later.

On these facts, defendant used fear to accomplish the robbery just as surely as if he had verbalized the threats inherent in the surrounding circumstances. Defendant's argument concerning his passivity and all the things he did not do ignores the fact that his snatching of the bag, not to mention his subsequent display of the stolen weapon, immediately changed what might have been an innocuous set of circumstances into one of significant fear for the victim. To the extent that it was the victim's perceptions of her circumstances that directly caused the fear, those perceptions were reasonable and a reasonable jury could have found that defendant took advantage of them in a calculated fashion.

There was sufficient evidence of robbery.

## VII.   OTHER ISSUES*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## VIII.   DISPOSITION

The judgment is modified to impose a $200 parole revocation restitution fine and suspend it pursuant to Penal Code section 1202.45. The clerk of the superior court is directed to correct the abstract of judgment to reflect this modification and forward the corrected abstract to the Department of Corrections. As modified, the judgment is affirmed.

Grignon, Acting P. J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 10, 2000.

---

*See footnote, *ante*, page 766.