Filed 2/25/14  P .v. Sammons CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057028 |
| v. | (Super.Ct.No.  FVA1101851) |
| ALEXANDER DESHAWN SAMMONS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Peter Quon, Jr., and Linh Lam, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Alexander Deshawn Sammons of five charges: three counts of second degree robbery (Pen. Code,[1] § 211)—two arising out of the same incident on December 6, 2011, and a third from December 11, 2011—as well as one count of assault with a deadly weapon (§ 245, subd. (a)(1)) and one count of burglary (§ 459) related to the events of December 11, 2011. On appeal, defendant challenges the sufficiency of the evidence with respect to one of the two robbery convictions for the December 6 incident, arguing there is no evidence that defendant intentionally directed any force or fear-inducing conduct at one of two store employees. The trial court sentenced defendant to a total of 18 years in state prison; the punishment for the challenged robbery conviction is a concurrent six-year term. Defendant also requests that we order the abstract of judgment to be corrected to reflect accurately the trial court's oral pronouncement of sentence.

There is substantial evidence to support defendant's conviction on the challenged robbery count, so the judgment will be affirmed. We will order that the abstract of judgment be corrected to accurately reflect the trial court's oral pronouncement of sentence.

I. FACTS AND PROCEDURAL HISTORY

On December 6, 2011, the victim of the challenged robbery count (victim 1) was working with the victim of the unchallenged robbery counts (victim 2) at a cell phone sales store in Rialto, California. At approximately 3:30 p.m., defendant came into the store. He had been in the store earlier in the day but left because victim 1 was then

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

working alone and busy with another customer. Now, no other customers were in the store. Victim 1 assisted him; victim 2 was in the back of the store. Defendant requested that victim 1 show him "the most expensive phones that you have." Victim 1 then demonstrated a phone model for defendant using an inoperative "dummy" phone. Victim 2 walked to the front of the store and observed victim 1's conversation with defendant.

Defendant requested to purchase two of the phones, and the real phones were brought out and placed on a shelf behind the store's counter as victim 1 processed the transaction. Victim 1 walked seven or eight feet away to the side of the store to process defendant's debit card for payment; meanwhile, victim 2 stood behind the counter by the cash register, near where the phones had been placed. Defendant's card was declined, as was a second and third card provided by defendant. Defendant then told victim 1 he would make a phone call to find out why the transaction did not go through.

After a short telephone conversation, defendant hung up his phone and approached victim 2, who was still behind the counter by the cash register. He came around the counter quickly and in an aggressive manner, causing victim 2 to back up. Victims 1 and 2 both testified that it looked like defendant was preparing to punch victim 2, balling up his hands into fists and posturing with his body. Defendant cursed at victim 2, demanding that she give him the phones. She acceded to the demand, allowing defendant to take the phones and leave. While defendant approached victim 2, victim 1 remained a few steps away, by the machine for processing debit transactions. Victim 1 saw what defendant was doing, but did not act to try to stop him; she testified that she "froze up," and that she feared defendant might hurt her.

3

After the close of evidence, the trial court denied a motion for acquittal with respect to the robbery count involving victim 1. After the jury's verdict, the court denied defendant's motion for a new trial on that count.

## II. DISCUSSION

Defendant contends there is a lack of substantial evidence to support the fear element of the robbery offense as to victim 1. He does not dispute there is substantial evidence supporting both of his convictions for robbery of victim 2. Robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, *accomplished by means of force or fear*." (§ 211, italics added.) Multiple robbery convictions for a single incident "are proper if force or fear is applied to multiple victims in joint possession of the property taken." (*People v. Scott* (2009) 45 Cal.4th 743, 750.) Proof of either force or fear is sufficient to sustain the conviction; it is not necessary to prove both. (*People v. James* (1963) 218 Cal.App.2d 166, 170.)

"[T]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) "'[U]nless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction.' [Citation.]" (*People v. Jones* (2013) 57 Cal.4th 899, 963.) "We presume "'in support of the judgment the existence of every fact the trier could reasonably deduce from the

4

evidence.' [Citation.] This standard applies whether direct or circumstantial evidence is involved.' [Citation.]" (*People v. Prince* (2007) 40 Cal.4th 1179, 1251.) Stated another way, "[a]lthough the jury was instructed that if two reasonable inferences arise from circumstantial evidence, it must accept the inference that points to innocence, on appeal we draw all reasonable inferences in support of the judgment. [Citation.]" (*People v. Whalen* (2013) 56 Cal.4th 1, 56, fn. 22.)

The element of fear is satisfied by evidence of conduct, words, or circumstances reasonably calculated to produce sufficient fear to cause the victim to be deterred from preventing the theft or attempting to immediately reclaim the property (See, e.g., *People v. Flynn* (2000) 77 Cal.App.4th 766, 771.) The requisite fear includes fear of "unlawful injury to the person or property of the person robbed . . ." or "an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." (§ 212; *People v. Brew* (1991) 2 Cal.App.4th 99, 103-104.) The law does not require that force or fear-inducing actions be specifically and intentionally directed at the victim, only that the taking be "accomplished by means of force or fear." (§ 211; see *People v. Prieto* (1993) 15 Cal.App.4th 210, 211-216 [victim too "fearful and shocked" to intervene in nearby struggle between perpetrator and second victim over purses belonging to both victims].) Nor does the fear need to be the result of an express threat. (*Flynn*, *supra*, at pp. 771-772.) "[I]t makes no difference whether the fear is generated by the perpetrator's specific words or actions designed to frighten, or by the circumstances surrounding the taking itself." (*Id.* at p. 772.)

5

Thus, as applied to this case, substantial evidence supports the conviction of defendant for the robbery of victim 1 if testimony in the record that is neither physically impossible nor inherently improbable, together with its reasonable implications, shows that defendant's words and actions, or the circumstances surrounding his taking of the phones, produced the required fear.

Here, victim 1's and victim 2's testimony constitutes substantial evidence supporting the conviction. As noted above, victim 1 testified that when she observed defendant's aggressive actions toward victim 2, she was standing only seven or eight feet away, and that she was afraid she might herself be hurt. Victim 1 also feared immediate and unlawful injury to victim 2: she saw defendant rush behind the counter, toward victim 2, with body language that seemed to indicate he was about to hit victim 2. The two women were alone in the store when defendant began acting aggressively; there was no one else to come to their aid or call police. Victim 1's fear was sufficient to deter her from preventing the theft or immediately reclaiming the property: she "froze up," and was unable to take any action. Victim 1's testimony is neither physically impossible nor inherently improbable. Additionally, victim 2's testimony corroborates in all material respects victim 1's description of the circumstances and defendant's words and conduct that actually and reasonably gave rise to victim 1's fear.

In short, in light of the entire record, there is substantial evidence—specifically, the testimony of victim 1 and victim 2—supporting the fear element of defendant's conviction for robbery with respect to victim 1. The judgment will therefore be affirmed.

Defendant insists there is no substantial evidence that defendant intentionally directed any force or fear-inducing conduct toward victim 1. We disagree. Defendant's conduct threatened injury to victim 2 most directly. But the jury could reasonably have concluded that defendant's threatening conduct toward victim 2 was also intended as a display to deter victim 1 from interfering with his attempt to take the phones. Defendant had been interacting directly with victim 1 only minutes before, and it is reasonable to infer he remained well aware of her presence in the store, only a few steps away, even if he did not look at or gesture towards her at the moment of the taking. (See *Whalen*, *supra*, 56 Cal.4th at p. 56, fn.22 ["on appeal we draw all reasonable inferences in support of the judgment"].)

In any case, however, as noted, the law does not require that force or fear-inducing conduct be intentionally directed at the victim, only that the taking be "accomplished by means of force or fear." (§ 211; see *Prieto*, *supra*, 15 Cal.App.4th at p. 211-216). Here, there is strong evidence that the taking was accomplished by means of the fear actually and reasonably caused by defendant's words and conduct, which caused both victims to submit to defendant's demand for the phones. As such, defendant was properly convicted of robbery not only with respect to victim 2, but also victim 1.

Defendant argues by *reductio ad absurdum* that *Prieto* and any other case suggesting that force or fear-inducing conduct need not be intentionally directed at the victim must be wrongly decided. He raises the specter of a defendant being held liable for robbery of an employee that is never seen by the defendant, but who observes a theft via surveillance camera or from a back room, and is placed in fear. This argument fails

7

because, among other things, it does not account for the statutory definition that robbery is theft from the "person or immediate presence" of the victim.  (§ 211.)

Regarding the second issue raised by defendant on appeal:  The first page of the abstract of judgment correctly reflects the trial court's oral pronouncement of sentence, indicating that the punishments for the assault and burglary convictions (counts 2 and 3) were stayed pursuant to section 654.  The minutes of the sentencing are also correct. Handwritten notations on the second page of the abstract of judgment, however, erroneously omit mention of the stays.  The People concede that the abstract of judgment should be corrected.  We agree.

### III.  DISPOSITION

The judgment is affirmed, and the superior court is directed to transmit to the Department of Corrections and Rehabilitation an amended abstract of judgment corrected on the second page in item 11 to state that the sentences on counts 2 and 3 are stayed pursuant to section 654.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P.J.

MCKINSTER
J.

8