Filed 10/9/23  P. v. Rupert CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079891 |
| v. | (Super.Ct.No. RIF2001217) |
| JAY DOUGLAS RUPERT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr., Judge.

Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele,

Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant and appellant Jay Douglas Rupert was convicted of one count of robbery (count 1; Pen. Code,[1] § 211) and one count of felony vandalism (count 2; § 594, subd. (b)(1)) as the result of two incidents in April 2020.  Defendant appeals, challenging the sufficiency of the evidence to support his convictions.  In doing so, defendant does not contest that he committed a theft and does not contest that he engaged in an act of vandalism.  However, defendant argues that (1) there was insufficient evidence to support a finding that he accomplished theft by means of force or fear to support a robbery conviction, and (2) there was insufficient evidence to support a finding that he caused damage in excess of $400, rendering any act of vandalism a misdemeanor instead of a felony.  We disagree with both contentions and affirm the judgment.

## II.  FACTS & PROCEDURAL HISTORY

### A.  *Background and Charges*

In the evening of April 22, 2020, a restaurant owner discovered that the glass door to his restaurant had been shattered.  The next morning, the clerk at a nearby convenience store reported that a man wielding a hammer entered the store and stole merchandise.  As a result of these incidents, defendant was charged with (1) one count of robbery (count 1; § 211) and (2) one count of felony vandalism (count 2; § 594, subd. (b)(1)).  In addition, the People alleged that defendant had suffered two prior convictions for offenses that qualified as strike offenses (§§ 667, subd. (c), (e), 1170.12, subd. (c)(2)(a)).  The People

---

[1]  Undesignated references are to the Penal Code.

also alleged defendant had suffered two prior convictions for offenses that qualified as serious felony offenses within the meaning of section 667, subdivision (a).

B. *Relevant Evidence at Trial*[2]

    1. <u>Testimony of Restaurant Owner</u>

The owner of the restaurant testified that on April 22, 2020, he returned to his restaurant after hours because he had been notified that the glass door to the restaurant was shattered. The owner reviewed video recorded by one of his security cameras that depicted an individual wielding a handheld object and using the object to break the door to the restaurant. The following day, the owner encountered defendant in the alley behind the restaurant. The owner recognized defendant as the individual depicted in the security video. When the owner confronted defendant, defendant admitted that he had broken the restaurant door and apologized to the owner. The owner also discovered a plastic bag next to defendant containing a hammer. The owner called the police.

The owner testified that he eventually paid for the door to be repaired and stated that the cost for the repair was "about $650." On cross-examination, the owner admitted that he did not bring any documentation regarding the cost of the repair with him to court but stated that he could get copies of those documents if asked to do so.

---

    [2] Because defendant's appeal challenges only the sufficiency of the evidence to support the element of "force or fear" in support of his robbery conviction and the finding that he caused property damage in excess of $400 in support of his conviction for felony vandalism, we summarize only the evidence relevant to these elements.

## 2. Testimony of Store Clerk

A convenience store clerk testified that in the morning of April 23, 2020, he encountered defendant outside the entrance of the store. Prior to this encounter, the clerk's employer had provided the clerk with a photograph of defendant and instructions not to permit defendant into the store due to a prior theft incident. Upon recognizing defendant, the clerk went to the entrance of the store and asked defendant to leave the premises. In response, defendant became angry, pulled out a hammer from under his shirt, swore at the clerk, and told the clerk he was hungry and intended to get food. The clerk described defendant as holding the hammer "in a downward ready position." When asked to elaborate, the clerk further described defendant's position as "similar to a low guard with a weapon, but ready to strike," such that, "instead of trying to swing, . . . he can come up from down below and hit you higher in the body."

Upon seeing defendant wield the hammer, the clerk backed away from the door and went to call the police. As the clerk was on the phone with police, defendant entered the store and began grabbing merchandise. When asked why he did not attempt to prevent defendant from taking merchandise, the clerk explained that he was afraid defendant would injure him because defendant "had the hammer out in a way that suggest[ed] he was actually going to use it and not merely threatening."

## 3. Testimony of Police Officers

A City of Riverside Police Department officer testified that he responded to a call at the convenience store on April 23, 2020. Upon his arrival, he spoke with the store clerk about the incident involving defendant. The store clerk provided the officer with a

4

description of defendant, provided a description of the hammer used by defendant in the incident, and showed the officer the photograph the store clerk used to originally identify defendant. The officer responded to a second call later that day at a nearby restaurant. The officer encountered defendant at the restaurant; observed that defendant matched the description of the man whom the store clerk had encountered earlier in the day; and arrested defendant. The officer also recovered a hammer matching the description of the hammer provided by the store clerk.

A second City of Riverside Police Department officer testified that he responded to a call on April 23, 2020. He arrived at a restaurant and observed that defendant was already detained by another officer. He spoke with the restaurant owner and reviewed a security video depicting an individual breaking the glass door to the restaurant. The officer observed that the individual depicted in the video appeared to be wearing the same clothing as defendant and further observed that the individual depicted in the video appeared to have a facial injury that corresponded with an injury on defendant. The second officer also confirmed that law enforcement recovered a plastic bag containing a hammer at the scene where defendant was detained.

C. *Verdict and Sentence*

The jury found defendant guilty of both robbery and vandalism; made a finding that the damage caused by the vandalism exceeded $400; and also found true the special allegations that defendant had suffered two prior convictions qualifying as strike

offenses.  The trial court sentenced defendant to a total of 12 years and four months in

state prison.**3**  Defendant appeals.

## III.  DISCUSSION

A. *Issues Presented and Standard of Review*

On appeal, defendant challenges the sufficiency of the evidence to support his

convictions.  "When a conviction is challenged on appeal for insufficient evidence to

support it, we apply the substantial evidence standard of review.  [Citations.]  In so doing,

we review the whole record in the light most favorable to the judgment to determine

whether there is substantial evidence to support the conviction.  [Citations.]  Substantial

evidence is evidence that is reasonable, credible, and of solid value such that a rational

trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  We

do not reweigh the evidence, resolve conflicts in the evidence, or reevaluate the

credibility of witnesses." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 671.)  As we

explain, we conclude that substantial evidence in the record supports both of defendant's

convictions and affirm the judgment.

---

**3**  Specifically, the trial court exercised its discretion to strike one of defendant's prior strike offenses.  The trial court then sentenced defendant to (1) six years on count 1, representing the middle term of three years, doubled for the remaining strike offense; (2) one year and fourth months on count 2, representing one-third the middle term, doubled for the remaining strike offence; and (3) five years for one of the serious prior felony offenses.  (§ 667, subd. (a).)

B. *Sufficient Evidence Supports a Finding that Defendant Accomplished the Robbery by Use of Force or Fear*

With respect to his robbery conviction, defendant argues that there was insufficient evidence to support the jury's finding that he accomplished the robbery by means of force or fear. We disagree.

"Robbery is defined as 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.' " (*People v. Anderson* (2011) 51 Cal.4th 989, 994; *People v. Gomez* (2008) 43 Cal.4th 249, 254; § 211.) The element of force or fear "is cast in the alternative; it may be accomplished either by force or by fear. . . . [¶] . . . [¶] To establish fear . . . , there must be evidence the victim feared defendants would injure him. [Citation.] The fear is sufficient if it facilitated the defendant's taking of the property. Thus, any intimidation, even without threats, may be sufficient." (*People v. Mullins* (2018) 19 Cal.App.5th 594, 604.)

In this case, the store clerk expressly testified that he was dissuaded from attempting to prevent defendant from taking store merchandise because he was afraid defendant would injure him.[4] "[U]nless the testimony is physically impossible or

_____

[4] The specific testimony is as follows:
"Q: Did you try and stop [defendant] from grabbing the merchandise?
A: No. I was already behind the counter calling the police . . . .
Q: [I]s there any reason that you didn't try and prevent [defendant] from coming in instead of calling the police?
A: He had the hammer out in a way that suggest[ed] he was actually going to use it and not merely threatening. And there's kind of a significant height difference, so factor in the reach, plus the reach of the weapon, it would be very likely I'd get hit with it.

inherently improbable, testimony of a single witness is sufficient to support a conviction." (*People v. Jones* (2013) 57 Cal.4th 899, 963.) Thus, the testimony of the store clerk constitutes substantial evidence sufficient to support the jury's determination that defendant accomplished a taking of property by means of fear.

Defendant suggests that the evidence was insufficient because defendant only "passively h[e]ld an object." However, California authorities have repeatedly recognized that "the fear element is subjective in nature." (*People v. Montalvo* (2019) 36 Cal.App.5th 597, 612; *People v. Anderson* (2007) 152 Cal.App.4th 919, 946 ["the fear necessary for robbery is subjective in nature"]; *People v. Morehead* (2011) 191 Cal.App.4th 765, 774 [Courts are not required to instruct that the fear element must be objectively reasonable.]; *People v. Collins* (2021) 65 Cal.App.5th 333, 341 [prosecutor misstated the law when telling jury to use an objective standard for evaluating fear element of robbery].) Thus, regardless of the specific manner in which defendant wielded the hammer, the factual finding the jury must make is that the victim actually and subjectively felt fear. Where the victim expressly testifies that he did not act to prevent the robbery out of fear for his safety, such testimony constitutes substantial evidence to support the necessary finding. The fact that other evidence might suggest the victim's

---

Q: So you didn't approach him because you were afraid you were going to get hit by him?
A: Correct."

8

actual fear was not objectively reasonable is not grounds for reversal on appeal,[5] and we decline to reverse defendant's conviction on this basis.

Defendant also argues in reply that, even if the clerk subjectively felt fear, the evidence cannot be sufficient to support a finding of fear absent evidence defendant "d[id] something active to actually inspire that fear." Defendant has not directed our attention to any published authority that has actually endorsed this view and, in our view, such a rule would appear contrary to existing published authority. (See *People v. Brew* (1991) 2 Cal.App.4th 99, 104 [The defendant's "considerably larger size" can support the jury's finding of fear even where "there is no evidence that [the defendant] either assaulted [the victim] or verbally threatened her, or that he used a weapon."].) Thus, we are unpersuaded by this argument and do not believe it offers a basis for concluding the evidence was insufficient to support his conviction.

Even if such a rule existed, it would not help defendant in this case. When the clerk asked defendant to leave the premises, defendant became angry, pulled out a hammer from under his shirt, swore at the clerk, and told the clerk he was hungry and intended to get food. This occurred at a time when the clerk was approximately six

---

[5] Where the victim expressly testifies at trial that he or she did not act to prevent the theft as a result of fear of being injured by the defendant, the trier of fact is still entitled to weigh whether such fear was objectively reasonable in order to evaluate the credibility of the victim's testimony. However, "[i]n determining whether substantial evidence supports a conviction, 'we do not reweigh the evidence, resolve conflicts in the evidence, draw inferences contrary to the verdict, or reevaluate the credibility of witnesses." (*People v. Myles* (2023) 89 Cal.App.5th 711, 739.)

inches from the defendant. The clerk's subjective fear was unquestionably warranted by defendant's actions.

C. *Substantial Evidence Supports the Jury's Finding Defendant Caused Damage in Excess of $400*

With respect to his conviction for felony vandalism, defendant argues that the evidence was insufficient to support the jury's finding that the amount of damage he caused to the restaurant door exceeded $400. Again, we disagree.

A person is guilty of vandalism under section 594 if he or she maliciously defaces, damages, or destroys real or personal property belonging to another. (§ 594, subd. (a).) If the amount of defacement, damage, or destruction exceeds $400, an act of vandalism is a felony punishable by imprisonment. (§ 594, subd. (b).) Section 594 "does not itself specify a method for proving the amount of property damage in a vandalism prosecution." (*In re Kyle T.* (2017) 9 Cal.App.5th 707, 713 (*Kyle T.*).) However, courts have concluded that the amount of damage may be proven with evidence of the actual cost of repair to the property. (*In re Kyle T.*, at p. 713; *In re A.W.* (2019) 39 Cal.App.5th 941, 948.)

Here, the owner of the restaurant testified that he paid to have the restaurant door repaired and that the cost of the repair was "about $650." This constitutes substantial evidence in support of the jury's finding that the damage caused by defendant exceeded $400.

Defendant argues that *Kyle T.*, *supra*, 9 Cal.App.5th 707 stands for the proposition that the owner's testimony was not itself sufficient to establish the amount of damage

10

absent supporting documentary evidence.  We disagree that *Kyle T.* stands for this proposition.  In *Kyle T.*, the Court of Appeal reversed a felony vandalism conviction for insufficient evidence because the only evidence offered on the amount of damage was the testimony of a police officer who provided an opinion based upon a generic average for the cost of graffiti remediation.  (*Id.* at pp. 715-717.)  Contrary to defendant's characterization, the Court of Appeal in *Kyle T.* did not reach this conclusion based upon the fact that the officer's testimony represented only an estimate without documentary evidence in support.  Instead, the Court of Appeal reasoned that the officer's testimony failed to establish the amount of damage because the officer's opinion "was not tied to the specific facts of [the] case" and therefore did not suggest the "actual cost" of remediation.  (*Id.* at pp. 715-716.)  Importantly, the Court of Appeal distinguished the facts in *Kyle T.* from other cases in which a witness provided an opinion of estimated damage based upon "a case-specific damages determination."  (*Id.* at p. 716.)

Unlike *Kyle T.*, the prosecution in this case presented the testimony of the restaurant owner who testified that he obtained estimates for repairs to the door and actually paid for the door repair.  Thus, the owner's estimate regarding the cost of repair to the door was based upon his personal knowledge of the specific facts of this case.  To the extent defendant argues the owner did not bring any documentation to support his testimony that the cost of repair was "about $650," this argument merely goes to the weight of the owner's testimony.  It does not change the fact that the owner's testimony constitutes substantial evidence in support of the jury's finding, and we decline to reverse defendant's conviction on this basis.

11

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

J.

We concur:


McKINSTER _____

Acting P. J.


RAPHAEL _____

J.